Mr. Chief Justice Bingham,
of the Supreme Court of the District of Columbia, who sat with the court in the hearing of this cause in place of Mr. Justice Morris, delivered the opinion of the Court:
It will be perceived that the exception of Mary W. Birnie is based solely upon a claim of laches in Mrs. Davis, that she delayed the commencement of this proceeding unreasonably, and in support of such claim counsel cite Richards v. Mackall, 124 U. S., 183; Hammond v. Hopkins, 143 U. S., 224 ; Badger v. Badger, 2 Wall., 87 ; Wagner v. Baird, 7 Howard, 234 ; Gibbons v. Duley, 7 Mack., 320 ;
From a careful examination, we do not think the present case falls within the rulings in any of these cases. As stated in Hammond v. Hopkins, supra, in regard to laches, “ each case must be governed by its own circumstances.”
The original action of John L. Nelson et al. v. Lucy Worthington et al. was commenced in equity to secure the partition, or in a contingency, the sale of the real estate of William Worthington, deceased. As a result, in May, 1876, by the arrangement of the devisees named in the will of said Worthington, the most of the real estate was formally sold to them, but in such manner as that each devisee received a portion of such realty, and the sales so made were on that day confirmed by the court. The averment of Mrs. Davis in her petition that “as will appear by the report of the auditor filed in the cause on the third day of October, 1876, it was the design and intention of the court, the trustees and *508 the parties, that all taxes upon the several parcels of ground so sold to or partitioned among the parties in interest should be fully paid, and that more than $2,000 was left in the hands of the trustees for that purpose, and that the trustees undertook to pay all the taxes out of said fund so reserved, and supposing they had done §0, subsequently distributed the balance ratably among the parties in interest,” is not denied.
This state of things seems to have been expressly recognized by all the parties in interest in the instance before mentioned of Mrs. Cox, when she petitioned for similar redress to that which Mrs. Davis now prays may be granted to her. The original suit in equity has been regarded as pending for the purpose of converting the property devised by William Worthington into money, and distributing it according to the equitable rights of the respective devisees; as is evidenced by the fact that no objection was made by any one to Mrs. Cox’s petition for relief, nor to that of the trustees to sell original lot 2 in square east of square 1015, nor indeed to the present petition of Mrs. Davis, because the proceeding in each instance was commenced by petition in original suit in equity numbered 1547.
The devisees having received from the trustees that portion of the fund which by their own arrangement should have been applied to the payment of the taxes on the realty which went to Mrs. Davis and had the use of the same ever since, cannot now be heard to say that they are injured by the appropriation of other assets belonging to the estate to pay such taxes.
There is no pretence that by reason of delay on the part of Mrs. Davis to ask for this relief that any injury results to any of the parties, except that it is claimed that interest has been accruing, and so they should at most only be required to pay the principal, and interest to such reasonable time after the distribution of the original fund as Mrs. Davis ought to have applied for the relief which she now asks for. The record shows that the delay to pay these taxes has in fact resulted to the benefit of all parties;
*509 First, by a proceeding in certiorari prosecuted by Mrs. Davis after the filing of her petition herein by which a special assessment for $146.27, with penalties and accumulated interest, was adjudicated to be void.
Second, by the parties being enabled, by the passage of a recent act of Congress, to liquidate the regular taxes in arrears at six instead of ten per ce7it. interest without penalties, as they did by authorizing Mrs. Davis, by the stipulation before recited, to pay them.
We think there is no equitable ground for objection on the part of these devisees to granting the prayer of Mrs. Davis’ petition, and that the auditor rightly found that so much of the fund now under the control of the court as may be necessary for that purpose should be appropriated to refund to Mrs. Davis the money paid by her to liquidate the taxes, together with interest from the date she paid the same.
The special term erred in ordering the payment to the exceptant, Mary W. Birnie, the sum of $18.60, being the one-fifth of the interest allowed by the auditor to Catherine L. Davis, but correctly otherwise affirmed the auditor’s report. The auditor’s report should have been affirmed without modification.
The decree of the Supreme Court of the District of Columbia is reversed, with costs; and the cause remanded with direction to enter a decree affirming the auditor's report, and directing a distribution of the fund in accordance with its recommendations.